IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10077
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,

versus

JOHNNIE LEE DAWSON,
also known as Johnny Lee Dawson,

                                             Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-25-11-Y

_____

September 24, 1997

Before KING, HIGGINBOTHAM, AND DAVIS, Circuit Judges.

PER CURIAM:[*]

    Johnnie Lee Dawson appeals the sentence imposed by the
district court upon his plea of guilty to distributing crack
cocaine.  He argues that the court erred in sentencing him under
the Sentencing Guidelines as a career offender and in failing to
assess him as a minor or minimal participant.

    We have reviewed the record and the briefs of the parties,
and we reject both of Dawson's contentions.  See United States v.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Guadardo, 40 F.3d 102, 103-04 (5th Cir. 1994) (noting that §
4B1.2, which was amended in 1989, specifically lists the burglary
of a dwelling as a crime of violence); United States v. Fitzhugh,
954 F.2d 253, 254-55 (5th Cir. 1992) (noting that a district
court is not permitted to consider the facts underlying an
offense of conviction to determine whether the offense is a crime
of violence for purposes of the career-offender provision);
United States v. Cruz, 882 F.2d 922, 923 (5th Cir. 1989) (noting
that the classification of burglary of a habitation as a crime of
violence obviated the need for a district court to consider the
factual context of such conviction); United States v. Calverly,
37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*), cert denied, 513
U.S. 1196 (1995)(citing United States v. Olano, 507 U.S. 725,
731-37 (1993)) and United States v. Flucas, 99 F.3d 177, 181 (5th
Cir. 1996), cert. denied, 117 S. Ct. 1097 (1997) (relying on §
3B1.2, comment (n. 4), which provides that a defendant who is
convicted of less than his actual criminal conduct is not
entitled to a minor participation reduction).

The government concedes, *sua sponte*, a calculation error in
Dawson's total adjusted offense level.  In this case, the maximum
term was twenty years of imprisonment, and therefore, the
appropriate base offense level should have been 32, rather than
34 as calculated by the probation officer and adopted by the
district court.  See U.S.S.G. § 4B1.1(C).  Taking into account
the three-level reduction in offense level for acceptance of

responsibility granted by the district court, Dawson's adjusted offense level should have been 29, thus resulting in a sentencing range of 151-188 months, rather than 188-235 months. The government has not defended the sentence by relying upon the absence of a contemporaneous objection or the failure of the defendant to raise this issue on appeal. Rather, it has conceded the necessity for a limited remand based on the unique facts of this case. We accept this confession of error by the government. Accordingly, we VACATE and REMAND for resentencing. See United States v. Fagan, 821 F.2d 1002, 1015 n.9 (5th Cir. 1987) (noting that contentions not raised on appeal are ordinarily deemed waived but exception made to prevent a manifest miscarriage of justice).

VACATED and REMANDED.